NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 18, 2014
Decided August 19, 2014

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-3197

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff–Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 92 CR 476-1 |
| FRANCIS KING, a.k.a. Robert Bana, a.k.a. Wole Lajide, a.k.a. Wole A. Lajidi, *Defendant–Appellant.* | John W. Darrah, *Judge.* |

**O R D E R**

In 1992, Francis King pleaded guilty to one count of credit-card fraud, 18 U.S.C. § 1029(a)(2), (b)(1), after using a stolen credit card to buy a plane ticket from New York to Chicago and trying to obtain a $1,400 cash advance. (The defendant uses the name "Francis King" in this prosecution, and we also will use it, but we note that he told postal inspectors that he is "Robert Bana" and gave eight other names when interviewed by a probation officer.) King pleaded guilty, and his sentencing hearing was scheduled for January 1993. But he absconded and was not found until October 2012, when deputy United States marshals in Chicago matched his fingerprints to "Wole Lajidi," who was on probation in New York after serving jail time for identify theft. After comparing pictures of King and "Lajidi," investigators concluded that they

were the same person. King was arrested in New York and brought to Chicago, where the district court sentenced him to 21 months' imprisonment and 3 years of supervised release.

King has filed a notice of appeal, but his newly appointed lawyer asserts that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Counsel has submitted a brief that explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. King has not responded to counsel's motion, though we invited him to. *See* CIR. R. 51(b). Because the analysis in the brief appears to be thorough, we limit our review to the subjects that counsel has discussed. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel informs us that King does not wish to challenge his guilty plea and thus omits discussion of the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). Yet counsel also tells us that King believes his guilty plea is void because he was not informed that, as a result of his plea, he could be deported. But as counsel rightly notes, that challenge would be to the performance of trial counsel under *Padilla v. Kentucky*, 559 U.S. 356 (2010), and the record on appeal lacks evidence of counsel's alleged errors. Thus, as with most appellate challenges to trial counsel's performance, this issue is best left for collateral review, where a record of counsel's actions may be made. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Flores*, 739 F.3d 337, 341 (7th Cir. 2014).

Counsel first discusses the possibility of challenging King's sentence but concludes that doing so would be frivolous. Using the 1991 guidelines manual, a probation officer calculated a total offense level of 10, starting with a base offense level of 6, *see* U.S.S.G. § 2F1.1(a) (1991), adding 2 levels because the crime involved more than minimal planning, *id.* § 2F1.1(b)(2)(A), and 2 more levels for obstruction of justice because of King's 20-years in hiding, *id.* § 3C1.1. The probation officer also calculated a criminal-history category of IV, assessing 2 points for a 1991 conviction for possession of criminal tools and forgery, 3 points for King's 2009 conviction in New York, and 2 points because he committed the credit-card fraud within 6 months of his release from imprisonment for the 1991 conviction. The district court accepted in full the probation officer's calculations, over King's objections to the increase for his heightened planning and rejection of his request for a reduction based on acceptance of responsibility, U.S.S.G. § 3E1.1. A total offense level of 10 and criminal-history category of IV yields a

guidelines imprisonment range of 15 to 21 months. The court sentenced King to 21 months plus 3 years of supervised release.

We agree with counsel that a challenge to the prison sentence would be frivolous. King's guidelines range properly was calculated using the 1991 guidelines because using the 2012 guidelines would have resulted in a higher imprisonment range. *See Peugh v. United States*, 133 S. Ct. 2072, 2084 (2013). His offense involved obtaining two separate false identifications to match the name on the stolen credit card and changing the billing address associated with that card. We would agree with the district court's conclusion that those steps constituted more than minimal planning. *See United States v. Sonsalla*, 241 F.3d 904, 908 (7th Cir. 2001); *United States v. Ojo*, 916 F.2d 388, 391–92 (7th Cir. 1990). King's 20-year absence after he had pleaded guilty justifies at least the 2-level upward adjustment for obstruction of justice, *see United States v. Martinez*, 650 F.3d 667, 670–71 (7th Cir. 2011); *United States v. Gonzalez*, 608 F.3d 1001, 1007 (7th Cir. 2010), and that absence also negates any assertion that he accepted responsibility for his crime, *Gonzalez*, 608 F.3d at 1009. And last, the district court cited several factors from 18 U.S.C. § 3553(a) for imposing a sentence at the high end of the guidelines range, including the nature of the fraud and the need to punish King, deter him from future crime, and protect the public from him. *See* 18 U.S.C. § 3553(a)(1), (2)(A)–(C). Counsel gives no reason to disregard the presumption that this within-guidelines sentence is reasonable, *see Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Smith*, 562 F.3d 866, 873 (7th Cir. 2009), and we perceive none.

Counsel's motion to withdraw is GRANTED, King's request for substitute counsel is DENIED, and the appeal is DISMISSED.